﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 190917-31013
DATE: December 31, 2020

REMANDED

Entitlement to compensation under 38 U.S.C. § 1151 for methicillin-resistant staphylococcus aureus (MRSA) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the Navy from June 1968 to June 1975.

In a July 2018 rating decision, the Regional Office (RO) denied the claim for compensation under 38 U.S.C. § 1151 for MRSA. In September 2018, less than one year after the July 2018 rating decision, the Veteran submitted a request to reconsider the claim. In an October 2018 rating decision, the RO determined that the claim remained denied. In December 2018, the Veteran opted into the Appeals Modernization Act (AMA) by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review option. The RO then issued a rating decision in February 2019 denying entitlement to compensation under 38 U.S.C. § 1151 for MRSA. In June 2019, less than one year after the February 2019 rating decision, the Veteran submitted a supplemental claim, which the RO denied in June 2019.

In September 2019, the Veteran appealed the June 2019 rating decision and requested the evidence submission docket. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). As such, the Board may only consider the evidence of record prior to the expiration of the 90-day evidence submission period following the date of the election. 

1. Compensation under 38 U.S.C. § 1151 for MRSA is remanded.

The Veteran contends that he contracted MRSA from a VA hospital when he had a colonoscopy in September 2017. He states that he was hospitalized with MRSA in December 2017, with recurrences in February 2018, June 2018, and September 2018. In February 2019, he had a barium enema at a VA hospital and subsequently was treated for MRSA in March 2019. See the June 2019 statement. In support of his assertion, the Veteran referenced four articles, including ones from the CDC and VA, on the likelihood of contracting MRSA in hospitals. See the September 2019 notice of disagreement.

When a veteran suffers additional disability as the result of training, hospital care, medical or surgical treatment, or an examination by VA, disability compensation shall be awarded in the same manner as if such additional disability or death were service connected. See 38 U.S.C. § 1151; 38 C.F.R. § 3.358(a). For claims, as here, filed on or after October 1, 1997, the Veteran must show that the VA treatment in question resulted in additional disability and, further, that the proximate cause of the additional disability was carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on VA’s part in furnishing the medical or surgical treatment, or that the proximate cause of the disability was an event which was not reasonably foreseeable. 38 U.S.C. § 1151; see VAOPGCPREC 40-97 (Dec. 31, 1997). 

Here, VA treatment records confirm that the Veteran had a colonoscopy in September 2017 and was diagnosed with MRSA in December 2017. Private medical treatment records dated in March and June 2018 indicate that the Veteran was treated for MRSA on his left proximal pretibial region and left anterior distal thigh. VA treatment records indicate that the Veteran was treated for a MRSA recurrence again in October 2018. In February 2019, the Veteran had a barium enema at VA. In March 2019, the Veteran was treated for MRSA on the inside and outside of his right nostril. As noted above, the Veteran has submitted medical literature discussing the likelihood of contracting MRSA in hospitals which is sufficient to trigger VA's duty to obtain an opinion, even if the treatise evidence is not sufficient alone to establish the claim. McLendon v. Nicholson, 20 Vet. App. 79, 81-86 (2006);

The Board finds a pre-decisional error in not obtaining a medical opinion to determine whether the claimed MRSA was the result of VA treatment due to carelessness, negligence, lack of proper skill, error in judgment, or some other instance of fault on the part of VA, or a result of an event that was not reasonably foreseeable.

The matter is REMANDED for the following action:

Forward the claims file to an appropriate examiner to obtain a VA medical opinion. Based on a review of the record, the examiner should address the following:

a. Is at least likely as not (a probability of 50 percent or greater) that the Veteran contracted MRSA during his September 2017 colonoscopy and/or February 2019 barium enema at VA?

b. If so, is it at least as likely as not (a probability of 50 percent or greater) that the proximate cause of such disability was carelessness, negligence, lack of proper skill, error in judgment or similar instance of fault on the part of VA? 

In determining whether the proximate cause of a disability was the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA, please discuss if VA failed to exercise the degree of care that would be expected of a reasonable health care provider.

c. Is it at least likely as not (a probability of 50 percent or greater) that the proximate cause of such disability was from an event that was not reasonably foreseeable? 

The entire claims file, including a copy of this REMAND, must be reviewed. A thorough rationale should be provided for all opinions expressed. If any requested medical opinion cannot be given, the examiner should state the reason(s) why.

If the VA examiner determines that further examination is necessary in order to render the requested medical opinions, the AOJ should schedule the Veteran for such an examination.

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Nelson

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.